BROWN GROUP INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Consolidated Court No. 91–05–00390

(Decided August 18, 1993)

*Rode & Qualey (William J. Maloney)* for plaintiff.

*Frank W. Hunger,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Barbara M. Epstein); Chi Choy,* International Trade Litigation, United States Customs Service, of counsel, for defendant.

OPINION

RESTANI, *Judge:* This matter is before the court on cross-motions for summary judgment. Plaintiff challenges the United States Customs

---

Service's ("Customs") classification for tariff purposes of certain children's snow boots. Customs classified the boots under item 700.57, Tariff Schedules of the United States ("TSUS") (1987), at a duty rate of 37.5 percent *ad valorem*. Plaintiff seeks classification under item 700.56, TSUS, at a duty rate of 6 percent *ad valorem*.[1]

## FACTS

The parties agree that because the boots have uppers of nonmolded construction formed by sewing the parts together and have exposed on the outer surface a substantial portion of functional stitching, they are not classifiable under item 700.53, TSUS.[2] The parties also agree that the boots have a foxing-like band applied or molded at the sole and overlapping the upper. Thus, under the plain language of item 700.56, TSUS, the boots may not be classified under that item, but would fall under item 700.57. Plaintiff argues that, nonetheless, relevant legislative history requires classification under item 700.56.

## DISCUSSION

The legislative history at issue, states:

> The parenthetical exception "except footwear having foxing or a foxing-like band applied or molded at the sole and overlapping the upper" in item 700.55 [an earlier version of item 700.56, TSUS] is designed to insure the classification in item 700.60 of a style of imported shoe with plastic coated uppers but having the general outward appearance of the traditional "sneaker" or tennis shoe.

U.S. Tariff Comm'n, *Tariff Classification Study*, Schedule 7 (1960) at 24. At the time of the Study, American Selling Price ("ASP") appraisal

---

[1] The relevant provisions of the TSUS read as follows:

Footwear (whether or not described elsewhere in this subpart) which is over 50 percent by weight of rubber or plastics or over 50 percent by weight of fibers and rubber or plastics with at least 10 percent by weight being rubber or plastics:

Hunting boots, galoshes, rainwear, and other footwear designed to be worn over, or in lieu of, other footwear as a protection against water, oil, grease, or chemicals or cold or inclement weather, all the foregoing having soles and uppers of which over 90 percent of the exterior surface area is rubber or plastics (except footwear with uppers of nonmolded construction formed by sewing the parts thereof together and having exposed on the outer surface a substantial portion of functional stitching):

700.51    Having soles and uppers of which over 90 percent of the exterior surface area is polyvinyl chloride, whether or not supported or lined with polyvinyl chloride but not otherwise supported or lined.

700.52    Footwear (except footwear provided for in item 700.51), the uppers of which do not extend above the ankle, designed for use without closures, whether or not supported or lined.

700.53    Other

Other footwear (except footwear having uppers of which over 50 percent of the exterior surface area is leather):

Having uppers of which over 90 percent of the exterior surface area is rubber or plastics (except footwear having foxing or a foxing-like band applied or molded at the sole and overlapping the upper):

700.54        Zoris (thonged sandals)

700.56        Other

700.57    Other:

Hunting boots, galoshes, rainwear, and other footwear designed to be worn over, or in lieu of, other footwear as a protection against water, oil, grease, or chemicals or cold or inclement weather

700.59    Footwear with open toes or open heels; footwear of the slip-on type, that is held to the foot without the use of laces or buckles or other fasteners, the foregoing except footwear provided for in item 700.57 and except footwear having a foxing or foxing-like band wholly or almost wholly of rubber or plastics applied or molded at the sole and overlapping the upper

TSUS (1987).

[2] Items 700.51, 700.54 and 700.59 clearly do not apply but are quoted in note 1 for completeness and to depict the structure of the relevant section of the TSUS. Only items 700.56 and 700.57 are directly at issue.

methodology was applicable. Apparently the parenthetical exception was intended to protect the domestic "sneaker" industry and to insure that footwear resembling the "sneaker" or tennis shoe was subject to ASP appraisal. The court cannot be sure that this was the only object of the parenthetical exception. The court is not willing to abandon plain statutory language in favor of a construction which would be more easily compatible with less than clear legislative history. Given the existence of item 700.57,[3] the court cannot be as certain as plaintiff, that the parenthetical exception was never intended to apply to rubber or plastic protective-type footwear.

This result is entirely compatible with, if not dictated by, *Far Eastern Department Store U.S.A. Inc. v. United States,* 11 CIT 932, 678 F. Supp. 891 (1987), *aff'd,* 852 F.2d 1286 (1988). In that case the court found that slip-on shoes with jute and rubber foxing-like bands were not classifiable under item 700.59, TSUS, because the same exception at issue here was contained in that provision. *See, supra,* note 1. The court rejected plaintiff's argument that the slip-on shoe was not sneaker-like, and that the same legislative history limited the exception to "footwear of the sneaker or athletic-type." *Far Eastern,* 11 CIT at 933–34, 678 F. Supp. at 893–94. This court similarly finds no limitation to the parenthetical exception in item 700.56, TSUS.

If the drafters of the statute erred it is up to Congress to correct the error. The court declines to rewrite the intricate footwear provisions of the tariff laws. The classification of the merchandise at issue under item 700.57, TSUS, is found to be correct. Plaintiff's motion for summary judgment is denied. Defendant's cross-motion for summary judgment is granted.

---

[3] The court notes plaintiff's argument that item 700.57 could be meant only for protective footwear with an exterior of less than 90 percent rubber or plastic and more than 50 percent by weight of rubber, plastic or a fiber and 10 percent by weight rubber or plastic composition. The court adopts the plain and broader language of the statute.